NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BYRON HALSEY,<br><br>      Plaintiff,<br><br>      v.<br><br>FRANK PFEIFFER, GERALD ALSTON, PETER BRANNON, RUSSELL COLLUCCI, KEVIN CONNERS, GERALD COURTNEY, RAYMOND LYNCH, JOHN PROPSNER, EDWARD SANTIAGO, JOHN DOES nos 1-10, RICHARD ROES nos 1-10, PLAINFIELD POLICE DEPARTMENT, CITY OF PLAINFIELD and COUNTY OF UNION,<br><br>      Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 09-CV-1138 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

    This matter comes before the Court upon Defendant Plainfield Police Department's motion to dismiss the claims of Byron Halsey ("Plaintiff") for failure to state a claim. Plaintiff brings claims against the Plainfield Police Department and a number of its members individually: Frank Pfeiffer, Gerald Alston, Kevin Connors, Gerald Courtney, Russell Colucci, John Propsner, Edward Santiago as well as Defendants John Doe (1-10) and Defendants Richard Roe (1-10). Plaintiff also brings claims against Raymond Lynch and Peter Brannon of the Union County Prosecutor's Office and

the City of Plainfield and the County of Union.

Plainfield Police Department moves to dismiss pursuant to FED. R. CIV. P. 12(b)(6). For the reasons stated below, Plainfield Police Department's motion is **granted**.

## I. BACKGROUND[1]

Plaintiff Byron Halsey asserts that he was unconstitutionally charged, arrested, prosecuted and convicted of the sexual assault and murder of his girlfriend's children. He spent more than twenty-one years in prison. Plaintiff maintained his innocence at trial and continued to fight to prove his innocence throughout his incarceration.

In 2006, DNA testing indicated that Plaintiff was, in fact, not the perpetrator of the assault and murders. Moreover, the testing actually inculpated Clifton Hall, a parolee with an extensive criminal history who was a neighbor and co-worker of Plaintiff.

Plaintiff contends that this miscarriage of justice was brought about by egregious misconduct of law enforcement officers. Plaintiff asserts that the police officers fabricated evidence, coerced a false confession and concealed evidence in violation of his constitutional rights.

On March 11, 2009, Plaintiff initiated this suit. Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983 for fabrication and concealment of evidence and coercion (Counts I/III) and malicious prosecution (Counts II/III), against the particular individuals involved, and their supervisors. Plaintiff also brings § 1983 claims for failure to supervise, train, discipline, and screen such employees, and for maintaining unconstitutional customs, practices and/or policies (Count IV). Plaintiff also brings state law claims for malicious prosecution and violations of the Civil Rights

---

[1] The facts in the Background section are taken from Plaintiff's Complaint.

Act, N.J.S.A. 10:6-2 *et seq.* (Counts V/VI).

On June 26, 2009, Plainfield Police Department filed this motion to dismiss for failure to state a claim. The motion is unopposed.

## II. DISCUSSION

Defendant Plainfield Police Department asserts that it cannot be sued directly in a § 1983 action. Defendant argues that the Police Department is merely an arm of the City of Plainfield, and therefore, cannot be sued. The Court agrees.

In New Jersey, a municipal police department is not an entity separate from the municipality. See N.J. Stat. Ann. § 40A: 14-118 (municipal police department is "an executive and enforcement function of municipal government"). As such, the Plainfield Police Department is not a proper defendant in this action. See Padilla v. Twp. of Cherry Hill, 110 Fed. Appx. 272, 278 (3d Cir. 2004) ("In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity.") (quoting DeBellis v. Kulp, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001)); Aycox v. City of Elizabeth, 2009 U.S. Dist. LEXIS 111345, at *7 (D.N.J. Dec. 1, 2009) ("Because the Police Department is merely an arm of the Township, Plaintiff's claim against the department cannot stand."); Godley v. Newark Police Dep't, 2007 U.S. Dist. LEXIS 5718, at *8 (D.N.J. Jan. 26, 2007) (same).

Plaintiff, therefore, cannot maintain his § 1983 claims against the Plainfield Police Department.

### III. CONCLUSION

For the reasons stated, Defendant Plainfield Police Department's motion to dismiss is **granted**.

 S/ Dennis M. Cavanauigh
Dennis M. Cavanaugh, U.S.D.J.

Date:      February   15  , 2010
Original:  Clerk's Office
cc:        All Counsel of Record
           The Honorable Mark Falk, U.S.M.J.
           File