NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BYRON HALSEY,<br><br>    Plaintiff,<br><br>        v.<br><br>FRANK PFEIFFER, GERALD ALSTON, PETER BRANNON, RUSSELL COLLUCCI, KEVIN CONNERS, GERALD COURTNEY, RAYMOND LYNCH, JOHN PROPSNER, EDWARD SANTIAGO, JOHN DOES nos 1-10, RICHARD ROES nos 1-10, PLAINFIELD POLICE DEPARTMENT, CITY OF PLAINFIELD and COUNTY OF UNION,<br><br>    Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 09-CV-1138 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion of Defendant County of Union ("the County"). The County moves for summary judgment, asking this Court to dismiss Count IV of the Complaint of Plaintiff Byron Halsey ("Plaintiff") with respect to the County. Count IV is the only remaining claim Plaintiff asserts against the County. See Plaintiff's Brief ("Pl. Br.") at 1. In this Count, Plaintiff claims that violations of his constitutional rights were "caused by the County's official policy of failing to provide adequate supervision and training under Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978)."

For the reasons stated below, the County's motion is **denied without prejudice**, and the parties are instructed to proceed with discovery.

## I. BACKGROUND[1]

Plaintiff Byron Halsey asserts that he was unconstitutionally charged, arrested, prosecuted and convicted of the sexual assault and murder of his girlfriend's children.  He spent more than twenty-one years in prison.  Plaintiff maintained his innocence at trial and continued to fight to prove his innocence throughout his incarceration.  In 2006, DNA testing indicated that Plaintiff was not the perpetrator of the assault and murders.  Moreover, the testing actually inculpated Clifton Hall, a parolee with an extensive criminal history who was a neighbor and co-worker of Plaintiff.

Plaintiff contends that this miscarriage of justice was brought about by egregious misconduct of law enforcement officers.  Plaintiff asserts that the police officers fabricated evidence, coerced a false confession and concealed evidence in violation of his constitutional rights.

On March 11, 2009, Plaintiff initiated this suit.  Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983 for fabrication and concealment of evidence and coercion (Counts I/III) and malicious prosecution (Counts II/III), against the particular individuals involved, and their supervisors.  Plaintiff also brings § 1983 claims for failure to supervise, train, discipline, and screen such employees, and for maintaining unconstitutional customs, practices and/or policies (Count IV). Plaintiff also brings state law claims for malicious prosecution and violations of the Civil Rights Act, N.J.S.A. 10:6-2 *et seq.* (Counts V/VI).

On June 26, 2009, the County filed an Answer to Plaintiff's Complaint.  The parties exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a) in July 2009.  The parties did not

---

[1] The facts in the Background section are taken from the parties' submissions.

conduct discovery, as the County maintains that it is not a proper party to Plaintiff's claim.    On February 12, 2010, the County moved for summary judgment.    On March 22, 2009, Plaintiff submitted a brief in opposition to the County's motion and a RULE 56(f) affidavit, wherein Plaintiff asserts that further discovery is required prior to the Court's consideration of the County's summary judgment motion.

## II. DISCUSSION

Plaintiff brings a claim against the County of Union, asserting that his constitutional rights were "caused by the County's official policy of failing to provide adequate supervision and training under Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978)." See Plaintiff's Brief in Opposition to Summary Judgment ("Pl. Br."), at 1.  The County moves for summary judgment, arguing that the County has no supervisory role over the Union County Prosecutor's Office ("UCPO"), and therefore cannot be liable for failure to supervise/train UCPO employees.

Regardless of whether the County's contention is accurate, the Court finds summary judgment inappropriate here.  The County's motion is denied.

Plaintiff's Monell claim is asserted against a host of individuals, not all of whom are employees of the UCPO.  In Count IV of Plaintiff's Complaint, he asserts his Monell claim for failure to supervise/train.  Plaintiff's Complaint reads:

> The Plainfield Police Department, the City of Plainfield, the Plainfield City Council, The County of Union, the Union County Prosecutor's Office and the Union County Board of Chosen Freeholders, by and through its policymakers, failed to ensure through custom, policy and/or practice that detectives, officers, and investigators would conduct constitutionally adequate investigations; never fabricate inculpatory evidence; obtain probable cause to ensure that suspects would not be falsely arrested and maliciously prosecuted; disclose to prosecutors material information favorable

-3-

> to criminal defendants; follow the duties imposed by <u>Brady v. Maryland</u>; and refrain from unconstitutional interrogation techniques.
>
> [ . . . ]
>
> The Plainfield Police Department, the City of Plainfield, the Plainfield City Council, the Union County Prosecutor's Office, the County of Union, and the Union County Board of Chosen Freeholders, by and through their final policymakers, failed to adequately supervise, train or discipline their employees, though it was foreseeable that constitutional violations of the type Mr. Halsey suffered would be a predictable result of such failures.

Plaintiff's Complaint, at ¶¶ 71, 73. As the excerpt indicates, Plaintiff's Monell Claim is asserted against a variety of law enforcement personnel. As such, the County's argument that this Count must be dismissed because it does not exercise supervisory control over the UCPO, <u>see</u> Defendant's Brief, at 3; <u>see generally</u> Defendant's Reply Brief, rests on an overly narrow reading of Plaintiff's Complaint.

In short, even assuming that the UCPO is entirely unsupervised by the County—which very well may be the case[2]—Plaintiff's <u>Monell</u> claim against the County extends beyond failing to train/supervise **the UCPO**. Plaintiff's claim is also based upon a failure to properly train/supervise

---

[2]<u>See</u> <u>Landi v. Borough of Seaside Park</u>, 2009 U.S. Dist. LEXIS 17932, at *17-18 (D.N.J. Mar. 6, 2009) ("Here, taking Plaintiff's allegations as true, Ocean exercised no policy that regulated OCPO investigators or OCPO itself. In fact, New Jersey law forecloses Ocean from exercising any authority over OCPO with respect to law enforcement functions . . . the alleged misconduct of OCPO and Petracca occurred under the supervision of the Attorney General. Presumably, Ocean has no authority over OCPO and Petracca with respect to law enforcement policy"); <u>Banda v. Burlington County</u>, 2006 U.S. Dist. LEXIS 68791, at *8 (D.N.J. Sept. 26, 2006) ("With respect to criminal prosecutions and related proceedings, Burlington County does not 'oversee' the Burlington County Prosecutor's Office, [and the] county, therefore, cannot be held vicariously liable for the actions of prosecutorial defendants involving the investigation of criminal activity or the execution of such defendants' sworn duties to enforce the law . . . [and a]ccordingly, Burlington County is not a proper defendant to this suit and judgment on the pleadings is warranted.") (emphasis added); <u>see also</u> <u>Yurick v. State</u>, 875 A.2d 898, 903-04 (2005) (noting that the a county's influence on the operations of a county prosecutor's office is primarily fiscal, while policy and law enforcement matters concern the prosecutor office's relationship with the Attorney General). The Court, then, recognizes that the County may not be in a position to provide certain information to Plaintiff concerning UCPO policy and practice.

detectives, police officers and other law enforcement personnel who are **not associated with the UCPO**.  With respect to these individuals, the County could potentially have had a significant degree of supervision/training responsibilities.  As such, the Court cannot find that the County is entitled to summary judgment on Plaintiff's Monell claim for failure to supervise/train without looking to the particular facts of this case.

Plaintiff, in opposition to the County's motion, asserts pursuant to FED. R. CIV. P. 56(f) that absent discovery he is unable to present facts that are essential to justify his opposition to Defendant's motion.  Under RULE 56(f), a Court may continue or deny a motion for summary judgment "[s]hould it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition." Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986) (citing FED. R. CIV. P. 56(f)).  "To succeed, a Rule 56(f) motion must identify with specificity what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." Espinosa v. County of Union, 212 Fed. Appx. 146, 158 (3d Cir. 2007) (internal quotation marks and citations omitted).

Here, there are various outstanding questions of fact concerning the County's role in running training programs and developing policies that may have been relevant to the conduct of the law enforcement personnel involved in Plaintiff's case.  See Pl. Br., at 9.[3]  Discovery could lead to admissible evidence that demonstrates that the County was, in fact, involved in training/supervising these individuals.  In light of these considerations, as set forth in more detail in Plaintiff's RULE 56(f) affidavit, the County's summary judgment motion will be denied at this time.

---

[3] Information related to the involvement of the County in any such training/supervision, however, has not yet been obtained, as the County urges that this motion be entertained prior to further discovery efforts.  See Docket Entry No. 43.

### III.  CONCLUSION

The County's motion for summary judgment is **denied without prejudice**, and the parties

are instructed to proceed with discovery.


                    S/ Dennis M. Cavanaugh
                    Dennis M. Cavanaugh, U.S.D.J.


Date:        April  _20_ , 2010
Original:    Clerk's Office
cc:          All Counsel of Record
            The Honorable Mark Falk, U.S.M.J.
            File