NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BYRON HALSEY | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | : | **OPINION** |
| v. | : | Civil Action No.09-1138 |
| FRANK PFEIFFER, GERALD ALSTON, PETER BRANNON, RUSSELL COLUCCI, KEVIN CONNORS, GERALD COURTNEY, RAYMOND LYNCH, JOHN PROSPNER, EDWARD SANTIAGO, JOHN DOES NOS 1-10, PLAINFIELD POLICE DEPARTMENT, AND COUNTY OF UNION | : : | |

DENNIS M. CAVANAUGH, U.S. D.J.

This matter comes before the Court upon Plaintiff's, Byron Halsey, ("Halsey"), objection pursuant to Fed. R. Civ. P. 72(a) to Magistrae Judge Falk's discovery order regarding length of Plaintiff's deposition. For the reasons discussed below, Plaintiff's objection is **denied** and Judge Falk's order is adopted..

I. BACKGROUND

This case arises from Plaintiff's conviction for the murder and sexual assault of two young children in 1985, and the nearly 22 years during which Plaintiff was subsequently incarcerated. Mr. Halsey's complaint asserts that he was factually innocent of these charges and that DNA testing twenty years after his conviction led to his full exoneration and the arrest of the

real perpetrator of these crimes, a neighbor, Clifton Hall. Plaintiff alleges that Defendants induced him to make a fabricated, false and coerced confession on the basis of which he was wrongfully convicted, and further that Defendants violated and disregarded proper police practices in the prosecution of Plaintiff.

## II. LEGAL STANDARD

    A.    Federal Rule of Civil Procedure 72(a)

Under Rule 72, a magistrate judge's decision on a non-dispositive matter can only be modified or set aside if it is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a) ("[t]he district judge to whom the case is assigned ... shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.") As a discovery ruling, Magistrate Judge Falk's August 3, 2010 Order falls squarely within this standard of review. *See Saudi v. Acomarit Maritmes Servs,* No.Civ. A 01-4301, 2002 WL 1373077 at *1 (E.D. Pa., June 24, 2002) ("A discovery order is considered non-dispositive because it does not dispose of a party's claim or defense.") ( citing *Haines v. Liggett Group, Inc.,* 975 F.2d 81, 92 (3d Cir. 1992)). District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. *See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.,* 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary matter such as the need for extended time to conduct a deposition , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." *Saldi v. Paul Revere Life Ins. Co.,* 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing *Scott Paper Co. v. United States,* 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." *Kresefky v. Panasonic Commc'ns and Sys. Co.,* 169 F.R.D. 54, 64 (D.N.J. 1996); *see also*

*Hasbrouck v. BankAmerica Hous. Servs.,* 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); *EEOC v. Mr. Gold, Inc.,* 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

  B. Federal Rule of Civil Procedure 30(d)(1)

  Under Rule 30(d)(1), allowing additional time to examine a deponent is not permissive but mandatory where there is an issue of fairness as to the adequacy of the presumptive 7 hour limit on depositions.  *See* Fed. R. Civ. P. 30(d)(1).("The Court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent...")

## III.  DISCUSSION

  In Magistrate Judge Falk's order of August 3, 2010, he explains quite clearly that "the rule states that the Court must–mandatory language–authorize more time for a fair examination." (Document 87, page 669).  His conclusion that "the defendants have shown abundant good cause that more time is needed for a fair examination"(Document 87, page 669) is reasonable and certainly within the ambit of his discretion. In fact, Judge Falk's decision did nothing more than provide an outer limit to the duration of Plaintiff's deposition.  Moreover, his willingness to be available to the parties to prevent questioning that is "vexatious or unreasonable or harassing" (Document 87, page 670) is ample guarantee that the Plaintiff's concerns have been and will continue to be adequately addressed.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's objection to Magistrate Judge Falk's discovery order pursuant to Fed. R. Civ. P. 72(a) is **denied.**  An appropriate order accompanies this opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Dated:         September  16 , 2010
cc:              All Counsel of Record
                 Hon. Mark Falk, U.S.M.J.
                 File